(No. 15764.—Writ denied.)

THE PEOPLE ex rel. William F. Armknecht et al. Petition-
ers, vs. JOSEPH F. HAAS, Recorder, Defendant.

*Opinion filed February 19, 1924.*

1. DEEDS—*the meaning of the term "to record."* To "record"
means to transcribe or to enter in a book for the purpose of pre-
serving authentic and correct evidence of the thing recorded, and
whatever the method used for recording, a thing is recorded as
long as a true and correct copy thereof is preserved.

2. SAME—*object of recording a deed.* The object of recording
a deed is to give it perpetuity and publicity, and the two main re-
quirements of such record is that it shall be accurate and durable.

3. SAME—*when record of deed is complete.* A deed is recorded
from the moment it is filed for record in the recorder's office, but
the record is not complete until it is recorded in a well-bound book
provided for the purpose, as required by section 9 of the Recorders
act, and until such permanent record is made the record consists
of the entry book and the original instrument.

4. SAME—*record may be put in book form after instrument is
copied.* Although sections 9 and 17 of the Recorders act contem-
plate the copying in a book already bound of an instrument to be
recorded, there is nothing in the statute which forbids the copy-
ing of the instrument on a separate sheet and then binding it with
others into book form, after which the record is the page or pages
in the book bearing a copy of the instrument.

5. SAME—*Recorders act does not require recorder to use par-
ticular method.* The Recorders act requires the recorder to record
instruments filed for record in a well-bound book but it does not
require him to record them by any particular method, and as long
as the method adopted by him is accurate and durable he has per-
formed his duty, and while the courts can compel him to record
instruments entitled to be recorded, they cannot compel him to
record them in any particular way.

6. SAME—*the recorder of Cook county may use photographic
method of recording deeds—mandamus.* There is nothing in the
statute forbidding the recording of instruments by the photographic
process, and the recorder of deeds of Cook county, where so many
deeds are filed for record that the separate sheets photographed
will complete a book in a short period of time, may in his dis-
cretion use the photographic method and cannot be compelled by
*mandamus* to copy the deeds in writing.

7. OFFICES—*county officers may exercise discretion in performance of official duties.* County officers named in the constitution not only have the authority but are required by law to exercise an intelligent discretion in the performance of their official duties.

FARMER, C. J., dissenting.

ORIGINAL petition for *mandamus.*

EVERETT JENNINGS, for petitioners.

J. SCOTT MATTHEWS, for defendant.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

William F. and Mary E. Armknecht deposited with Joseph F. Haas, recorder of deeds of Cook county, a deed conveying to them certain real estate in joint tenancy and requested that he record the same. The recorder made a photographic copy of the deed, which he added to other similar copies and then bound the copies in book form. The grantees, contending that their deed was not properly recorded, have filed a petition in this court for a writ of *mandamus,* praying that the recorder be compelled to copy their deed in writing in a well-bound book. The respondent answered the petition, and petitioners have filed a general demurrer to this answer.

The facts are substantially as follows: Approximately 450,000 written instruments, containing about 6,000,000 folios of 100 words each, will be filed in the recorder's office of Cook county during the present year. The number of documents filed for record each year has been from fifteen to twenty-five per cent more than were filed the preceding year. The space in the court house allotted to the recorder has been overcrowded for several years and no additional space is available. In order to meet the demand made on his office the recorder for some time has maintained day and night shifts. Notwithstanding this, there

are now nearly 500,000 folios of documents filed for record which have not been transcribed. Realizing that the present method of recording documents with the typewriter would soon prove inadequate, the recorder four years ago began an investigation of the practicability of the photographic method of recording instruments. This investigation has convinced the recorder that photographic copies of instruments, when properly made, are as permanent and durable as handwritten, typewritten or printed records. The photographic copy of the instrument in question is bound in a book that is more substantial than the ordinary book used when instruments are recorded with the typewriter, because the pages are bound together with steel instead of cloth and a page cannot be removed without destroying it. Instruments can be recorded much more rapidly and with much less expense by the photographic method than by transcribing with the typewriter. Based upon the present volume of business in the recorder's office, it is estimated that $200,000 a year can be saved to the tax-payers of Cook county by the installation of the photographic method of recording. The books containing the photographic copies of recorded instruments are indexed and numbered as other books of record.

Section 9 of the Recorders act provides: "Every recorder shall, as soon as practicable after the filing of any instrument in writing in his office, entitled to be recorded, record the same at length in the order of time of its reception, in well-bound books to be provided for that purpose." To record means to transcribe; to write an authentic account of; to preserve the memory of, by written or other characters; to enter in a book for the purpose of preserving authentic and correct evidence of the thing recorded. Whatever the method used for recording, it is a record of the thing recorded as long as it is a true and correct copy. The object of recording a deed is to give it perpetuity and publicity, and the two main requirements of a public record

are that it shall be accurate and durable. As civilization has progressed so has the method of recording instruments changed. Charcoal drawings on the walls of caves gave way to carvings on the face of cliffs, and these in turn were supplanted by handwriting on parchment. Commercial necessity required the substitution of paper for parchment, and handwriting gave way to the speedier and more legible typewriting. The earliest recording acts in this country did not even require the record to be in a book. The recorder was to provide either parchment or books, and his certificate was to give the number of the parchment roll or the book, as the case might be. Our statute requires that the instruments shall be recorded in "well-bound books to be provided for that purpose." Until this is done the record is not complete. The instrument is recorded, however, from the moment it is filed for record in the recorder's office. When an instrument is filed it is given a serial number and is entered in the entry book. As soon as it can be reached it is copied in the proper book. When the recorder has satisfied himself that it has been accurately copied in a well-bound book, he indorses upon the instrument a certificate showing the exact time when the instrument was filed for record and the book and page where the instrument is recorded. If the instrument is recorded by handwriting or typewriting, the sheets of paper on which the instrument is transcribed are usually already bound in book form. According to this record, where the photographic process is used the sheet of paper which bears the photograph of the document is separate from other sheets. ·The record is not complete until these single photographic copies are assembled in proper order and substantially bound in book form. Because of this, it would probably be impracticable to use the process in any but very large counties, where at least one book a week of each class of instruments is made. Until the permanent record is complete and the recorder has indorsed on the instrument his final

certificate the instrument itself is on file, and during the time between the filing of the instrument and the actual copying of it upon the record book the record consists of the entry book and the original instrument. In Cook county, at the present time, this period is nearly a month. There are so many instruments of each class filed in Cook county, that if the photographic process were used there a book of such copies would be made in a much shorter period of time than a month. Therefore, by the photographic process the instruments would be recorded in a well-bound book sooner than by the old method of transcribing them with the typewriter. In 1874, when the Recorders act was written, the legislature naturally had in mind the recording of instruments by handwriting. It knew nothing about the typewriter nor the recording of instruments by the photographic process. While the language used in sections 9 and 17 indicates that the legislature had in mind that the books would be bound before the instrument was copied, there is nothing in the statute which forbids the copying of the instruments on separate sheets and then binding these sheets into book form. Whatever method is used it all comes to this: the record of the instrument from the time it is filed until it is recorded in a well-bound book is the entry book and the original instrument; after it is recorded in a well-bound book and the book and page where the instrument is recorded are known and the certificate of the recorder has been indorsed on the original instrument, the record is the page or pages in the book bearing the copy of the instrument.

The recorder of deeds of Cook county is a county officer named in the constitution. Every such officer not only has the authority but is required by law to exercise an intelligent discretion in the performance of his official duties. The law requires him to record certain instruments in a well-bound book, but it does not require him to record them by any particular method. As long as the method adopted

by him is accurate and durable he has performed his duty. While the courts can compel him to record instruments entitled to be recorded, in well-bound books, they have no right to compel him to record them in any particular way. No argument is needed to demonstrate that photography is a much more accurate process of making a copy of an instrument than any other known method. It will show the instrument exactly as it is. The requirement of accuracy is fully complied with by this method. The record shows that prints properly made are as permanent as the paper on which they are made, and so the requirement of permanency is met. We are satisfied that no other known method of recording instruments is as accurate as the photographic method, that no practicable method excels it in permanency, and that in counties where the volume of instruments recorded is large, as it is in Cook county, no other method is as speedy and inexpensive.

There being nothing in the law forbidding the recording of instruments by the photographic process, we hold that the recorder of deeds of Cook county has not abused the discretion with which he is clothed in recording the deed of petitioners as he has recorded it. His act complies with the requirements of the statute and the instrument is legally recorded. The writ of *mandamus* is therefore denied.

*Writ denied.*

Mr. CHIEF JUSTICE FARMER, dissenting:

Conceding that preserving the evidence of instruments required to be recorded may be more expeditiously and cheaply done by the photographic process, authority to so preserve them should come from the legislature and not from a court. By the act of 1874 deeds and other instruments entitled to be recorded were required to be recorded in a well-bound book provided for that purpose. The only method then known of recording instruments was to transcribe them in a book. If the photographic method had

then been known it would have been competent for the legislature to authorize that method. It did not know anything about that process, and so required the evidence of deeds and other instruments to be recorded,—not photographed,— in the only way then known. Application should have been made to the legislature, and not to a court, to change the statute. I regard this decision as a plain usurpation of legislative power.