J .L. HAMPTON, SHERIFF OF DeSOTO COUNTY, AND CAPT. HARRIS, *Plaintiffs in Error,* v. LEROY ORME, *Defendant in Error.*

Division B.

Opinion Filed July 28th, 1926.

In a criminal prosecution, where the sentence is apparently imposed under a statute that is inoperative and a valid sentence may be imposed under an existing statute, the defendant seeking relief in habeas corpus proceedings, may be remanded for a sentence under the valid existing law.

A Writ of Error to the Circuit Court for Lee County; George W. Whitehurst, Judge.

Reversed and remanded for proper sentence.

*Cyrus Q. Stewart,* for Plaintiffs in Error.

*R. Percy Jones* and *Jim C. Clements,* for Defendants in Error.

PER CURIAM.—In proceedings on writ of *habeas corpus* issued by the Circuit Judge, it appears that petitioner was in the county court for Lee county charged with "unlawfully" having in his "possession, custody and control approximately three gallons, one hundred thirty-four quarts and one hundred five pints of alcoholic and intoxicating liquors for the purpose of illegal sale." The jury found the defendant "guilty of having in his possession for the purpose of illegal sale, a quantity of alcoholic or intoxicating liquor, as charged in the information." The sentence was:

"You having been tried and convicted of the crime of

unlawfully having in your possession intoxicating liquors for illegal sale, the court adjudges you to be guilty."

"It is the judgment of the court and the sentence of the law, that you, Leo Orme, alias LeRoy Orme, do be confined in the County Jail of Lee County, Florida, for the term or period of six months, and that you do forfeit and pay to the State of Florida, for the use and benefit of Lee County, a fine of $300.00 and the cost of this prosecution, and in default thereof to be confined in said County Jail for an additional six months, to begin and run after the expiration of the former sentence herein imposed."

The petitioner was discharged and the officer was allowed a writ of error under the statute. Sec. 3580, Rev. Gen. Stats., 1920.

The allegation in the information and the finding in the verdict that the alleged possession by the defendant of intoxicating liquors was "for illegal sale" may be treated as surplusage or as showing a possession forbidden by Section 5460, R. G. S. But it seems from the sentence in using the expression "for illegal sale" that the sentence was imposed under Chapter 9266, Acts of 1923, which has been held to be inoperative (Duke Porter v. State, — Fla. —, — South. Rep. —), while a proper sentence should have been imposed under Sections 5486, 6115 Rev. Gen. Stats. 1920.

In the Duke Porter case the court on certiorari quashed the sentence because it stated it was imposed "because by Acts of 1923, imprisonment is required."

Reversed, with directions to remand the petitioner for a proper sentence. Ex parte Simmons, 73 Fla. 998, 75 South. Rep. 542.

It is so ordered.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur.

BROWN, C. J., AND ELLIS AND STRUM, J. J., concur in the opinion.