## FRANKEY v. PATTEN, Sheriff.

No. 4888. Decided December 31, 1929. (284 P. 318.)

*F. W. James, R. O. Pearse,* and *H. L. Mulliner,* all of Salt Lake City, for petitioner.

*Shirley P. Jones,* City Atty., and *Alonzo W. Watson,* Asst. City Atty., both of Salt Lake City, for defendant.

STRAUP, J.

The petitioner, Peter Frankey, in the city court of Salt Lake City, was convicted of a violation of an ordinance of the city and appealed to the district court. There, on a trial de novo, he was again convicted, and on April 27, 1929, the following judgment was entered in the cause:

"It is the judgment and sentence of this court that you, Peter Frankey, he required to pay a fine of $299.00 or be imprisoned in the county jail of Salt Lake county, Utah, until said fine is paid or until you have served a term of not exceeding three months; and the sheriff of Salt Lake county is charged with the execution of this order."

A commitment in pursuance of the judgment was issued to the sheriff of Salt Lake county on the same day. On May 16, 1929, the district court, as recited, "to correct the record in the case to conform with the sentence actually imposed, of its own motion," rendered and caused to be entered nunc pro tunc this judgment in lieu of the first judgment:

"It is the judgment and sentence of this court that you, Peter Frankey, be confined in the county jail of Salt Lake county, state of Utah, for a period of three months, which sentence will be suspended upon your paying a fine of $299.00, which fine is hereby imposed upon you; and the sheriff of Salt Lake county, Utah, is charged with the execution of this order."

In pursuance of the last judgment, and based thereon, a new commitment was on the same day issued to the sheriff, who, in pursuance thereof, confined and imprisoned the petitioner in the county jail of Salt Lake county. On the

next day the petitioner applied to this court for a writ of habeas corpus. In his petition for the writ, he, among other things, alleged that the sentence imposed upon him was void for uncertainty, and that the imprisonment in the county jail was in violation of the ordinance under which he was prosecuted and sentenced and was unauthorized, and hence his imprisonment and detention in the county jail by the sheriff was unlawful. The writ was issued and made returnable May 20, 1929. The sheriff, by his return, defended the imprisonment and detention in virtue of the second commitment. The sheriff was represented by counsel of the city. The petitioner, on the return, was admitted to bail. Later the matter was argued and submitted.

The controversy arises with respect to the validity of the judgments of the district court. The petitioner asserts their invalidity; the sheriff their validity, especially the second judgment upon which the second commitment was issued, and under which the petitioner was confined and imprisoned in the county jail by the sheriff. The ordinance under which the prisoner was prosecuted and convicted provides that any person violating any of its provisions "shall be punished be fine in any sum not exceeding two hundred ninety-nine ($299.00) dollars or by imprisonment in the city jail not longer than six months, or by both such fine and imprisonment. The court may, in imposing the fine, enter as part of the judgment that in default of the payment of the fine the defendant may be imprisoned in the city jail for a period not exceeding six months." The competency of the municipality to promulgate the ordinance and to prescribe the place of imprisonment—in the city jail—when imprisonment is imposed, is not questioned.

That the first judgment is void for uncertainty was held by this court in the case of *Rasmussen* v. *Zundel*, 67 Utah 456, 248 P. 135, as to a similar judgment. The grounds and reasons there stated holding the judgment void apply here. We need not again repeat nor enlarge upon them. The first judgment being void, we think

it was within the power of the district court at the same term of court in which the first judgment was rendered, on notice or in the presence of the petitioner, to render a valid judgment. On the proceeding before us it is not made to appear that both judgments were not rendered and entered at the same term of court, the one rendered April 27, the other May 16, 1929. In the absence of a showing to the contrary, we think it should be assumed that both judgments were rendered and entered at the same term of court. The contrary is not claimed. While a judgment void on its face has no validity, and may be assailed directly or collaterally, whenever and wherever brought in question, and may even sua sponte be expunged, yet what power the court may have, at a subsequent term or after a considerable lapse of time, not occasioned by some act or proceeding by the defendant, to render a different or valid judgment, is not now before us and not now decided.

While the proceeding before us discloses that the second judgment was rendered "on the court's own motion," yet it is not disclosed that it was rendered without notice or in the absence of the petitioner. Thus, without a showing to the contrary, we think it again should be assumed that the second judgment was rendered on notice or in the presence of the petitioner. So, too, without anything to show the contrary, it should also be presumed that by proper and competent evidence it was made to appear as recited that the first judgment was not entered as rendered or imposed by the court.

The second judgment imprisoned the petitioner in the county jail of Salt Lake county for a period of three months and imposed a fine of $299, but suspended the judgment of imprisonment upon payment of the fine. Thus, without the payment of the fine, the imprisonment in the county jail was absolute for a period of three months. It is the contention of the petitioner that the court was authorized to impose imprisonment only in the city jail and as by the ordinance prescribed, and was unauthorized to

order him to be imprisoned in the county jail. We think the contention is well founded. Where the law prescribes a place of imprisonment the court cannot direct a different place. To order that a person be imprisoned and confined in a place where the law does not allow the court to imprison him, said Mr. Justice FIELD in the case *In re Bonner,* 151 U. S. 258, 14 S. Ct. 323, 326, 38 L. Ed. 149, is unauthorized, and "to deny the writ of habeas corpus, in such a case, is a virtual suspension of it." To the same effect are also the cases of *In re Mills,* 135 U. S. 263, 10 S. Ct. 762, 34 L. Ed. 107; *Lemmon* v. *State,* 77 Ohio St. 427, 83 N. E. 608; *Ex parte Davis,* 42 S. D. 294, 174 N. W. 741; *Moulton* v. *Commonwealth,* 215 Mass. 525, 102 N. E. 689. The court being unauthorized to order the imprisonment of the petitioner in the county jail, and the judgment in such particular void, the detention and imprisonment of the petitioner by the sheriff in the county jail is unlawful, and the petitioner entitled to be discharged therefrom. That is what he seeks by his petition, and holding as we do that his detention and imprisonment by the sheriff is unlawful, it is our bounden duty to discharge him therefrom.

Some courts proceed on the theory that, if a conviction of a person is valid, a judgment of imprisonment in a wrong place is mere error, which may be corrected by remedies other than by habeas corpus, and that the writ of habeas corpus does not lie to correct mere error and cannot be made to perform the function of an appeal or writ of review, and where in such case a writ of habeas corpus is resorted to, the prisoner will not be discharged, but remanded to the proper tribunal to be sentenced to the proper place as prescribed by law, or otherwise to be dealt with in accordance with law. But we believe "the general rule is that if the detention complained of is not illegal, the court must remand the prisoner to the custody from which relief is sought; if such custody is illegal, the prisoner is entitled to be discharged therefrom." 29 C. J. 174. True, some courts have held that "although the particular custody

is illegal, and the prisoner entitled to be discharged therefrom, it does not follow that he is entitled to an absolute release and discharge from custody," but may be held and remanded to be dealt with according to law. 29 C. J., supra. But in many of such instances the illegality consisted of mere defects in the arrest, or commitment, or in other mere defects, or irregularities, or where by statute such action is expressly provided.

However, where the judgment or order directs the imprisonment of a person in or at a place not provided by law and contrary to and in violation of law specifically prescribing the place of imprisonment, we think the correct rule is that such a direction or order is not mere error or an irregularity, but is, as in effect stated by Mr. Justice FIELD, in *Re Bonner*, supra, an unauthorized act and beyond or without the jurisdiction of the court, and, as stated, in *Re Mills*, supra, "is not a case of mere error, but one in which the court below transcended its powers." As well call a directed or ordered imprisonment, for violation of an ordinance, in the state prison, or in the guardhouse at Ft. Douglas, mere error, or a defect, or an irregularity. The imprisonment here does not consist of some mere defect in the commitment issued to the sheriff, for under no circumstances was the court authorized to deliver the petitioner to the sheriff or to commit him to his custody for imprisonment, any more than to commit him to the custody of the warden of the state prison. No valid order at any time could have been made by the district court, nor may it now make any, committing the petitioner to the custody of the sheriff to be by him confined and imprisoned; hence the petitioner's discharge from his imprisonment and detention by the sheriff must be complete and absolute.

Whether the second judgment as rendered and entered is void as a whole, or whether valid as to the payment of the fine and only void as to the imprisonment, and whether what is valid may be regarded as a good judgment and what is

void disregarded and rejected, and the judgment as good enforced, or whether the district court still has jurisdiction of the cause in which the judgment was rendered at this time to render a new or amended or different judgment of imprisonment, are questions which are not now before us. The issue presented by this proceeding is the alleged unlawful detention and imprisonment of the petitioner by the sheriff in the county jail, and holding, as we do, that such detention and imprisonment is unlawful, it follows that the petitioner must be discharged therefrom. It is time enough to express views with respect to what proceedings may thereafter be had in the district court, and in the cause in which the judgments were rendered, or as to what other or different judgment may now by the district court be rendered therein, when such proceedings are had and our review sought of them.

This proceeding is not like an appeal or other writ of review of a cause in which the judgment was rendered, and where in such case by the appeal or writ of review jurisdiction of the cause is conferred on us, and upon reversing or annulling the judgment and remanding the cause to the court below jurisdiction of it is again conferred on that court to proceed as directed by us. While in this proceeding the challenged validity of the judgment is before us, nevertheless only as a jurisdictional question pertinent and incidental to the essential issue of the alleged unlawful detention and imprisonment of the petitioner by the sheriff from which petitioner seeks release. But the judgment is not, nor is the cause in which it was rendered, before us in the sense that we may properly annul or vacate the judgment, or direct the rendition of a different judgment, as might be done on appeal or writ of review. The question we are called on to decide in this proceeding is whether the petitioner is unlawfully detained and imprisoned in the county jail by the sheriff, and not under what kind of a judgment he may still lawfully be imprisoned or detained elsewhere.

However, section 587, Comp. Laws Utah 1917, is referred

to as giving the court, before whom a conviction is had of the violation of an ordinance, power or a discretion to commit the offender either in the county jail or the city prison, or to such other place as may be provided by the city, for which reason it is contended that the imprisonment and detention of the petitioner was not unlawful, but was authorized. If it reasonably may be done, the section of the statute referred to should be given such an interpretation as will give effect to both the statute and the ordinance, and not such as will render the ordinance invalid, or deny to the city the right or power to specify the place of imprisonment for the violation of ordinances lawfully established by it. To hold that, though an ordinance itself specifies the place of imprisonment, yet the court— city or district—before whom a conviction is had may disregard such provision of the ordinance and commit the offender to the county jail, is in effect to deny the right or power of the municipality to prescribe the place of commitment or imprisonment. Such a construction should not be given the statute unless unavoidable.

The section referred to is a part of title 16, Comp. Laws Utah 1917, relating to cities and towns, and, among other things, prescribing powers of boards of city commissioners and of city councils including the promulgation of ordinances, "and to enforce obedience to such ordinances with such fines or penalties as the city council may deem proper: Provided, that the punishment of any offense shall be by fine in any sum less than $300 or by imprisonment not to exceed six months, or by both such fine and imprisonment" (section 570x87), and respecting actions brought for a violation of ordinances. That authority and power is conferred on the city to prescribe the place of commitment or imprisonment for violation of its ordinances is clear. When the section of the statute referred to is considered in connection with the whole title and subject-matter to which it relates, it is reasonably clear the language, that the offender "may, upon the order of the court before whom the conviction is

had, be committed to the county jail or the city prison, or to such other place as may be provided by the city" (section 587), fairly, if not necessarily, implies in the county or city jail, or elsewhere, as may be prescribed or provided by the ordinance or by the city, or, where no place is so prescribed or provided, then in either the county or city jail.

Any other view leads to the incongruity that, while authority and power is conferred on a municipality to prescribe a place of imprisonment or commitment for the violation of its ordinance or ordinances, yet, at the same time, power also is conferred on the court to disregard what is so prescribed by the municipality within its granted power. We think no such conflicting powers were intended, and thus the court, in virtue of the section of the statute referred to, was not authorized to disregard the place of imprisonment prescribed by the ordinance in question, and order the imprisonment of the petitioner elsewhere. When the city has prescribed a place of imprisonment, as here it specifically did by its ordinance, under which the petitioner was prosecuted and convicted, we see no more license or authority of the court to disregard such provision of the ordinance than to disregard any other provision of it.

By our order of discharge the city should not be foreclosed from further proceeding in the cause in which the judgments were rendered, by whatever action it may lawfully invoke. Nor should petitioner be precluded from whatever lawful right he may have to object to whatever proceedings the city may further pursue. If the city be advised that the district court still has jurisdiction of the cause to further proceed therein, or to render another or different judgment, action of the district court in such particular may be invoked by it, and the petitioner given opportunity to be heard with respect thereto. If the district court has no such jurisdiction, we, by direction, may not confer it. If for any reason the city is apprehensive that the petitioner upon his discharge may flee, or otherwise not hold himself amenable to whatever order the district court may lawfully and within

its jurisdiction make in the premises, ample process is available to the city to bring the petitioner before the district court to answer and hold himself amenable to whatever further proceedings may there lawfully be had.

Hence the order is, and in effect, as was made in the case of *In re Bonner*, supra, that petitioner be, and he hereby is, discharged from imprisonment in the county jail and from the custody of the sheriff, without prejudice to the rights of the city to further lawfully proceed in the cause in which the judgments were rendered, and without prejudice to the legal rights of petitioner to object to whatever further proceedings may be pursued or invoked by the city.

The action of the sheriff in detaining and imprisoning the petitioner having been in obedience to the commitment issued to him, and he in the premises having acted in good faith, no costs will be allowed against him.

ELIAS HANSEN and EPHRAIM HANSON, JJ., concur.

CHERRY, C. J.   I dissent from the order discharging the prisoner.   The prisoner was accused of having whiskey in his possession, in violation of an ordinance of Salt Lake City. He was tried and convicted in the city court, and appealed to the district court of Salt Lake county, where he was again tried and convicted.   The latter court sentenced him to imprisonment in the county jail for three months and fined him $299, and ordered the sentence of imprisonment to be suspended upon payment of the fine.   The fine was not paid, and the prisoner was imprisoned by the sheriff of Salt Lake county in the county jail.   By this proceeding he seeks release from custody.

The answer and return of the sheriff, which is not controverted, sets up the judgment and a commitment issued in pursuance thereof as his authority for detaining the prisoner. The legal warrant and authority for detaining the prisoner is questionable only with respect to the place in which he was ordered to be imprisoned.   The city ordinance under

which he was convicted provides, as punishment for its violation, a fine not exceeding $299 or imprisonment in the city jail not longer than six months, or both. Comp. Laws Utah 1917, § 587, provides:

"In all actions for the violation of any ordinance, it shall be sufficient if the complaint refer to the title and section of the ordinance under which such action is brought. Any person upon whom any fine or penalty shall be imposed, may, upon the order of the court before whom the conviction is had, be committed to the county jail or the city prison, or to such other place as may be provided by the city for the incarceration of offenders until such fine, penalty, and costs shall be fully paid."

There is no difference in legal quality or grade between a city jail and a county jail. Imprisonment in either signifies no more than imprisonment in the other. There is no such distinction between them as exists between a penitentiary and a county jail. I see no legal reason why the statute should not be given effect. Under its plain provisions, the court was authorized to commit the prisoner to the county jail for the violation of the ordinance in question. But, assuming that the court erroneously sentenced the prisoner to the county jail, when the judgment should have directed imprisonment in the city jail, shall the convict be freed? Modern judicial opinion is practically a unit to the contrary. In the interests of justice, and to prevent its defeat, it is the practice in such cases to hold the prisoner and either direct or give the trial court an opportunity to correct the sentence.

This rule and practice is supported by many cases. The The basis for it is ably set forth *In re Bonner*, 151 U. S. 242, 14 S. Ct. 323, 38 L. E. 149. It was applied in *People ex rel. v. Kelly*, 97 N. Y. 212; *Halderman's Case*, 53 Pa. Super. Ct. R. 554; *Commonwealth v. Ashe*, 293 Pa. 18, 141 A. 723; *In re Charles Harris*, 68 Vt. 243, 35 A. 55; *In re Lewis*, 51 Mont. 539, 154 P. 713; *Ex parte Howard*, 72 Kan. 273, 83 P. 1032; *Johnson v. State*, 81 Fla. 783, 89 So. 114; *Hampton v. Orme*, 92 Fla. 412, 109 So. 455; *State ex rel. v. Reed*, 138 Minn. 465, 163 N. W. 984; *Bryant v. United States*,

214 F. 51 (C. C. A., 8th Ct.) ; *In re Vitali,* 153 Mich. 514, 116 N. W. 1066, 126 Am. St. Rep. 535; *Ex parte Lee,* 177 Cal. 690, 171 P. 958; *Ex parte Colford,* 68 Cal. App. 308, 229 P. 63; *Ex parte Nichols,* 82 Cal. App. 73, 255 P. 244; *Mahler* v. *Eby,* 264 U. S. 32, 44 S. Ct. 283, 68 L. Ed. 549. See, also, 29 C. J. 175.

In *Ex parte Tani,* 29 Nev. 385, 71 P. 137, 13 L. R. A. (N. S.) 518, the court, after an elaborate discussion of the subject and the review of many previous cases, concludes that habeas corpus will not lie to release from custody a prisoner who has in all respects been regularly convicted and sentenced, except that the designated place of imprisonment is not that specified by statute, since the sentence is not entirely void; but the erroneous part may be rejected as surplusage and the prisoner remanded to the place of imprisonment required by statute.

The petitioner in this proceeding was admitted to bail, the condition of which is that he will hold himself amenable to the orders of this court. To discharge him will exonerate his bail and afford him an opportunity to escape further proceedings against him in the district court. In this situation, and in view of the great weight of judicial authority against releasing him, I think that the prisoner's petition should be denied, and that he should be remanded to custody, to abide the further order of the court in which he was legally convicted. The power and jurisdiction of that court to correct the sentence, in my opinion, is unquestionable. If the sentence is not there corrected within a reasonable time, a different question may be presented.

FOLLAND, J. (dissenting). I am in full accord with the views expressed by the CHIEF JUSTICE in his dissenting opinion, with this exception. I think the district court is limited by the ordinance to the city jail as a place of imprisonment for persons convicted of ordinance violations. Where the penalty clause designates the city jail, the court may not commit to the county jail. Had the ordinance

merely provided for imprisonment, without designating the place, then, under Comp. Laws Utah 1917, § 587, the district court might lawfully sentence to either of the places mentioned therein.