## EMMERTSON v. STATE TAX COMMISSION.

No. 5898.   Decided October 13, 1937.   (72 P. [2d] 467.)

220

*A. A. Duncan* and *La Mar Duncan,* both of Salt Lake City, for plaintiff.

*Ned Warnock,* of Salt Lake City, for defendant.

LARSON, Justice.

This action arises upon certiorari to the State Tax Commission, issued upon petition of plaintiff, to review the action of the commission in suspending the automobile driver's license of plaintiff. The application is based upon the following facts, none of which are in dispute: On December 1, 1936, in the city court of Salt Lake City, plaintiff was found guilty of driving an automobile while under the influence of intoxicating liquor. The judgment of the court was, "I find the defendant guilty and sentence him to pay a fine of $100.00 or serve thirty days in the city jail." The docket entry, of said judgment reads, "Sentence imposed $100.00 or thirty days." The judge of the city court reported to the commission that plaintiff herein had been convicted in that court of drunken driving. On December 24, 1936, the Tax Commission made an order suspending the driver's license of the plaintiff and sent him a communication advising him that his driver's license had been suspended for forty-five days, and stating, "if no appeal is taken, said license will be automatically revoked for a period of one year," and demanding that plaintiff return his operator's license to the commission. Plaintiff refused to surrender his license and sued out this writ to review the action of the commission.

Plaintiff assails the order of the commission, as without jurisdiction, null and void for the following reasons: (1) That the judgment of the city court, in the case wherein plaintiff was found guilty of driving an automobile while under the influence of intoxicating liquor, was a void judgment; (2) that the judgment of the city court contained no requirement that plaintiff surrender his operator's license for suspension or revocation, and therefore the commission had no authority to do so; (3) that the Tax Commission had before it no proper evidence upon which to base its order of suspension.

We shall examine these contentions in their order:

(1) As far as the record before us shows the facts, this proposition that the judgment was void must be resolved in favor of the plaintiff. The record before us is simple. The petition alleges that the court announced orally, "I find the defendant guilty and sentence him to pay a fine of $100.00 or serve thirty days in the City Jail," and there is no record of the judgment except the minute entry, "Sentence imposed, $100 or thirty days." The foregoing is admitted by the Tax Commission and their return to the writ shows that the report from the city court on which they acted reads, "Sentence imposed, $100.00 or thirty days." Such a judgment is void for uncertainty, has no validity, and no further valid proceedings can be based upon the judgment as such. *Rasmussen* v. *Zundell*, 67 Utah 456, 248 P. 135; *Frankey* v. *Patten*, 75 Utah 231, 284 P. 318; *In re Lange*, 18 Wall. 163, 21 L. Ed. 872; *Ex Parte Page*, 49 Mo. 291; *Ex parte Martini*, 23 Fla. 343, 345, 2 So. 689, 690; 8 R. C. L., § 237, p. 237; Hurd on Habeas Corpus, pp. 327-329; Freeman on Judgments, § 625.

But it does not follow that the deductions plaintiff makes from the premise are well taken. Plaintiff argues that the commission has no power to suspend or revoke a driver's license except upon a certified copy of a valid judgment of conviction of violation of some provision of the law governing the operation of motor vehicles. This involves a construction of some provisions of the statutes. As far as material here, those provisions are found in sections 17, 18, and 20, c. 45, Laws Utah 1933, as amended by chapter 47, Laws of Utah 1935. Section 17 provides that, whenever a person is convicted of any offense for which the revocation of his operator's or chauffeur's license is mandatory, the court shall require the surrender to it of the license and forward the same, with the record of conviction, to the Tax Commission. Section 18 provides:

"The department [Tax Commission] shall forthwith revoke the license of any person upon receiving a record of the conviction of such person of any of the following crimes:"

Then follow five offenses, among which are:

"2. Driving a vehicle while under the influence of intoxicating liquor or narcotic drug."

The section makes mandatory the revocation of the license upon proof of conviction of any of the offenses enumerated therein, without notice to the holder of the license and without discretion or judgment on the part of the commission. The act of revoking is ministerial only and is mandatory upon the commission.

Plaintiff argues that, the judgment being void, it could not form the basis for the act of revoking the license, and therefore the action of the commission was void, and that the judgment contained no requirement that the license be surrendered and revoked. But plaintiff overlooks the fact that judgment or sentence of the court in a criminal action is not the same or identical with the verdict; and although the judgment of the court, pronounced upon the verdict, may be void, the verdict may still be valid, and a judgment in a criminal case, void for uncertainty, does not vacate and set aside the verdict and conviction. Said this court in *State* v. *Carmen,* 44 Utah 353, 140 P. 670, 672, wherein the court had imposed an erroneous sentence: "For the reasons hereinbefore stated, the verdict of the jury must therefore be, and the same is, in all respects held legal and just. The sentence, however, which was imposed by the district court of Wasatch county is set aside and annulled, and the case is remanded to that court, with directions to require the appellant to appear before it and to impose a sentence upon him as provided" by law. See, also, *Mutart* v. *Pratt,* 51 Utah 246, 170 P. 67; *Frankey* v. *Patten,* 75 Utah 231, 284 P. 318. It follows therefore that, although the sentence or judgment of the court was void for uncertainty, the verdict of conviction and the finding of guilty are still valid and subsisting.

(2) The statute nowhere provides that the court, as a part of its judgment, must revoke or order revoked the license

of the person convicted. It simply provides that the court shall require the surrender to it of all of the operator's and chauffeur's licenses then held by the person convicted, and forward the same with the record of such conviction to the Tax Commission. Section 17, supra.

It is then provided that the commission "shall forthwith revoke the license of any person upon receiving a record of the conviction of such person." Section 18, supra. It is evident therefore that the revoking of the license is mandatory on the commission upon receipt of a record of the conviction, and is not founded upon any order or judgment of the court. The court may suspend execution of any judgment or sentence it imposes on one convicted, but the revocation of the license still takes effect. The court cannot suspend that result of conviction because it is no part of the court's judgment; it is a result imposed by law mandatorily.

(3) The only question remaining then is: Was the record of conviction such as to invoke the ministerial duty of the Commission? Plaintiff argues that the abbreviated report to the commission was not a record of conviction, and, to invoke action by the commission, it must have a "precise written history of the case from its commencement to its termination." The statute does not say that the commission must have a certified copy of the record of the court pertaining to the case. It simply says that, "upon receiving a record of the conviction," the commission shall make the order on its records showing the license revoked. What then constitutes a "record of conviction" under this statute? The difficulty encountered here is due to the fact that the word "conviction" is of equivocal meaning. In some cases it is held to include the verdict and judgment; in other cases it implies nothing more than a finding of guilty. It has a popular as well as a technical meaning. The question is, In what sense was the term "conviction" used in the legislative enactment? Unless the contrary appears, the terms of legislative enactments must be taken in their ordinary and usual significance as they are generally

understood among mankind. The word "conviction," in its popular sense, means no more than a verdict of guilty. The common and ordinary mode of expression to indicate the successful prosecution of a crime marks the distinction. We almost invariably use the phrase that "He has been convicted and sentenced." The conviction and sentence are each in turn liable to be attacked and tested separately, one for errors in the trial, the other for errors in the judgment. Blackstone, in his Commentaries, vol. 4, p. 362, says, "If a jury find him guilty, he is then said to be convicted of the crime whereof he stands indicted." Accordingly, he divides the processes of a prosecution into separate chapters. One he designates "Of Trial and Conviction"; another, "Of Judgment and Its Consequences." He further says, "The next stage of a criminal prosecution after the trial and conviction is that of judgment." We think that in this sense the word "conviction" is used in the statute. The cases which hold that a "conviction" involves and requires also a sentence or judgment before it is a conviction are cases where a more severe penalty is provided for a second offense. In such it has generally been held that the person must also have been sentenced under the former verdict to make it a former conviction, because the more severe penalty is provided upon the theory that the first penalty was insufficient to cure or check the tendency to do the unlawful, and only because the penalty on first conviction is not severe enough to checkmate the criminal tendency is a second offense made a more serious crime. The distinctions so indicated clearly appear in the cases. *Commonwealth* v. *McDermott*, 224 Pa. 362, 363, 73 A. 427; *State* v. *Brown*, 115 Mo. 409, 22 S. W. 367; *York County* v. *Dalhausen*, 45 Pa. 372; *Wilmoth* v. *Hensel*, 151 Pa. 200, 25 A. 86, 31 Am. St. Rep. 738; *Smith* v. *Commonwealth*, 14 Serg. & R. (Pa.) 69; *Muckenfuss* v. *State*, 55 Tex. Cr. R. 216, 117 S. W. 853; 3 Coke's Institutes (Thomas) 559; Wharton, Law Lexicon. And so it has been held that, where sentence was suspended or a pardon granted after verdict but before sentence pronounced, defendant still

had been convicted. *Agnew* v. *Commissioners,* 12 Serg. & R. (Pa.) 94; *Cope* v. *Commonwealth,* 4 Casey (28 Pa.) 297. We hold therefore that the invalidity of the judgment or sentence does not void the "conviction" as that term is used in the statute here under consideration.

Was, then, the report transmitted to the commission from the police court a "record of conviction," within the meaning of the statute so as to be a basis for the entry of an order revoking the license by the commission? "Record" is another word of equivocal meaning. Thus, the record of a trial or proceeding, when applied to appeals and judicial proceedings, has a rather definite, technical meaning. Likewise, in speaking of the records of a legislative body or of a public office, another definite but technical meaning is given to the word. Then, too, the word has a popular connotation. Thus, one may say that the newspaper gave a complete and accurate or an erroneous record of the events; and we may speak of a family record. We think the word as used in this statute must be given its popular meaning rather than a technical legal meaning. It here means a statement by the court showing the facts essential to put into operation the action of the commission in making the proper entries showing the license revoked.

A record is defined by Bouvier as "a written memorial made by a public officer authorized by law to perform that function, and intended to serve as evidence of something written, said, or done." Black's Law Dictionary defines it as "a written account of some act, transaction, or instrument, drawn up, under authority of law, by a proper officer, and designed to remain as a memorial or permanent evidence of the matters to which it relates." *Downing* v. *Brown,* 3 Colo. 571.

"That which is written or transcribed to perpetuate a knowledge of the acts or events; reduction to writing as evidence; also the writing so made." Webster's New International Dictionary.

"To record means to transcribe; to write an authentic account of." *People ex rel.* v. *Haas,* 311 Ill. 164, 142 N. E. 549, 550.

Had the Legislature intended to require a certified copy of the court's register or docket, it could readily have so provided. But such was not done, and we see no reason why it should be necessary. We have already shown that the revocation is mandatory; that the act of the commission is merely ministerial under section 18, supra, of the act; that the statute itself voids the license upon conviction. All therefore, that can be necessary is for the court to transmit in writing to the commission such record or report as to show the name of the court, the charge, the date of trial and the verdict, so the proper entries can be made showing the license revoked and the proper and sufficient reasons therefor. The report or record transmitted to the commission in this case met all these requirements.

The Tax Commission, therefore, acted within its proper authority in revoking plaintiff's license, and its action is therefore affirmed.

FOLLAND, C. J., and HANSON, MOFFAT, and WOLFE, JJ., concur.