Ex parte MULLINER.
MULLINER v. DALTON, Deputy Sheriff.

No. 6419.   Decided October 14, 1941.   (117 P. 2d 819.)

See 29 C. J. Habeas Corpus, sec. 40. Habeas corpus in case of sentence which is excessive because imposing both fine and imprisonment, note 49 A. L. R. 494. See also, 25 Am. Jur., 189.

*Cline, Wilson & Cline,* of Milford, and *Albert M. Marsden,* of Parowan, for appellant.

*Reuben J. Shay,* of Cedar City, for respondent.

PRATT, Justice.

This is an appeal from the ruling of the District Court of Iron County, Utah, denying to Vincent Mulliner, plain-

tiff and appellant, his discharge from the custody of defendant William M. Dalton, Deputy Sheriff of Iron County, Utah. The ruling was the termination of a hearing upon writ of habeas corpus issued by that court.

The record of the case shows these facts by stipulation: July 30, 1941, Vincent Mulliner entered a plea of guilty to the charge of drunkenness, which charge was filed before a Justice of the Peace. The complaint against Mr. Mulliner charges as follows:

"On this 25th day of July, 1941, before me Glen Froyd, Justice of the Peace in and for Cedar City, Utah, personally appeared Arthur Nelson who on being duly sworn by me deposes and says that Vincent Mulliner on the 23rd day of July, A. D., 1941, at Cedar City, Iron County, State of Utah, did commit the crime of misdemeanor, to wit: Drunkenness as follows: That the said defendant at the time and place aforesaid did wilfully and unlawfully be and appear on the Main Street in Cedar City, then and there in a drunk and intoxicated condition, contrary to the provisions of the Revised Ordinances of Cedar City, Utah, in such case made and provided, and against the peace and dignity of the people of Cedar City, Utah."

The ordinance of Cedar City, Utah, covering the case, reads as follows:

"It shall be unlawful for any person to be drunk or intoxicated within the city limits of Cedar City and any person found drunk or intoxicated within Cedar City shall be liable to arrest and punishment as follows: For the first offense, a penalty of not less than $5.00 nor more than $50.00 shall be imposed; for a second offense, a penalty of not less than $10.00 and not more than $299.00 or imprisonment in the city jail for not more than three months or both such fine and imprisonment may be imposed; for a third or subsequent offense, to imprisonment for not less than one month nor more than six months, without the option of a fine."

After the plea was entered the Justice of the Peace made some investigation, the nature of which does not appear; and apparently finding that Mr. Mulliner had been previously convicted of drunkenness, imposed upon him a fine of $30 and a jail sentence of 90 days. The Justice issued a commitment directed to the city marshal to take custody of

Mulliner and hold him in the jail of Cedar City, Utah. The marshal took Mulliner some 20 miles away to the town of Parowan, Utah, and there turned him over to the defendant deputy sheriff to be held in the county jail. In the commitment issued by the Justice of the Peace, the term of the jail sentence is fixed as thirty days instead of ninety days.

In support of his application for discharge upon writ of habeas corpus, Mulliner argues three grounds: (1) That the Justice of the Peace exceeded his jurisdiction in ordering the petitioner imprisoned for the offense charged in the complaint and to which petitioner, as defendant in the criminal action, pleaded guilty. (2) That the city marshal exceeded his authority in imprisoning the petitioner in the county jail, and his detention there is unlawful. The defendant likewise is wrongfully detaining the petitioner in the county jail. (3) That the period for which the marshal was directed to imprison the petitioner had expired at the time of the trial and the period having expired, the petitioner was entitled to his liberty. Defendant argues that these are not matters for decision on writ of habeas corpus.

If the first ground is well taken, it disposes of the case.

There is no claim that the Justice of the Peace took evidence upon the question of the previous conviction. The record stands simply with the imposition of a jail sentence upon facts which under the ordinance quoted call only for a fine. The record upon its face does not support the sentence. We think the sentence in so far as it imposed a jail sentence is void. We invite attention to the principles enunciated in the following cases as being applicable here: *Frankey* v. *Patten,* 75 Utah 231, 284 P. 318; *Lee Lim* v. *Davis,* 75 Utah 245, 284 P. 323, 76 A. L. R. 460; and *Ex parte Gerber,* 83 Utah 441, 29 P. 2d 932. We invite attention to the following sections of our statutes: 105-36-12 and 105-36-13, R. S. U. 1933.

Plaintiff Vincent Mulliner is entitled to be discharged from custody. It is so ordered.

MOFFAT, C. J., and LARSON, and McDONOUGH, JJ., concur.

WOLFE, Justice.

I concur on the ground that the record does not show any prior conviction. Whether the complaint must allege a prior conviction need not at this time be decided.