450 P.2d 93

A. P. NEILSON, Plaintiff and Respondent,

v.

Herta K. DENNETT, Defendant,
John Elwood Dennett, Intervenor and Appellant.

No. 11032.

Supreme Court of Utah.

Jan. 31, 1969.

5. Id. at 240 N.Y.S.2d 91. See also cases cited therein; and cf. a similar case, Clark v. Travelers Indem. Co., C.A.7, 313 F.2d 160.

John Elwood Dennett, pro se.

Dudley Amoss, Salt Lake City, for respondent.

. ELLETT, Justice.

On September 13, 1967, the trial court ordered appellant "forthwith to turn over to the receiver the sum of $1,500.00 which he has heretofore collected as advance rentals and to account to the receiver for the difference between the amounts actually collected and the $1,500.00 to be tendered to the receiver."

The receiver's affidavit dated September 14, 1967, states that appellant had failed to pay to him the $1,500.00.

Under date of September 14, 1967, the court issued an order to show cause ordering appellant to appear "and show cause, if any he has, why he should not be punished for contempt of court in failing to obey the said Order" [of September 13, 1967].

The trial court held appellant in contempt for failure to pay the sum of $1,500.-00 or any part thereof personally collected by him as advance rentals and for failure to render an accounting to the receiver for the additional sum of $300.00, also collected by him, and sentenced him "to serve five (5) days imprisonment in the Salt Lake County Jail, or in the alternative to pay a fine in the sum of $500.00; * * *" The next day the court amended its sentence as follows:

And it appearing to the Court that the fine imposed on the said John Elwood

Dennett was in excess of the jurisdiction of the Court,

NOW THEREFORE, the Court, upon its own motion, amends its Order dated September 20, 1967 in the following respects:

1. The fine heretofore imposed upon John Elwood Dennett as an alternative to imprisonment for five days in the Salt Lake County Jail, is herewith reduced from $500.00 to $200.00.[1]

\* \* \* \* \* \*

The appellant claims that he is excused from complying with the order requiring him to turn money over to the receiver for three reasons, namely: (1) The receiver was not authorized to collect money. (2) Appellant had spent the money and was, therefore, unable to comply with the order. (3) The order as made was illegal.

We will examine the three claims in the order set out.

Rule 66(d), Utah Rules of Civil Procedure, provides:

Before entering upon his duties a receiver *must* be sworn to perform them faithfully, and with one or more sureties, approved by the court, *execute an undertaking to such persons and in such sum as the court may direct,* to the effect that he will faithfully discharge the duties of receiver in the action and obey the orders of the court therein. [Emphasis added.]

Here the court did not fix the amount of the bond but instead and contrary to the rule quoted he ordered that the receiver serve without bond. The appellant made no request to have a bond fixed by the court and never appealed from the order as made. Instead, he relies upon the failure to furnish a bond as an excuse for not complying with the order of the court. The law is set out in 75 C.J.S. Receivers § 76 as follows:

\* \* \* [E]xcept in a few jurisdictions, an order not requiring the receiver to give security is not void, nor, in the absence of a statute requiring a bond, is it erroneous as a matter of law; and, *when the order of appointment does not require the receiver to give a bond, a failure to give one is not fatal, even in a jurisdiction wherein a statute provides that a receiver must execute and file a bond before entering on his duties.* \* \* \* [Emphasis added.]

The receiver was an arm of the court, and the appointment, although erroneous, was not void. This claim is without merit.

---

1. The punishment for contempt in the district court is prescribed by Sec. 78-32-10, U.C.A. 1953, as follows: " \* \* \* and if it is adjudged that he is guilty of the contempt, a fine may be imposed upon him not exceeding $200, or he may be imprisoned in the county jail not exceeding thirty days, or he may be both fined and imprisoned; \* \* \* "

The appellant claims in his brief and orally argued before this court that he had already spent the money before the hearing was held in the contempt matter, while counsel for respondent stated that appellant had the money in his pocket at the time of the hearing. The record of testimony was not brought before us, and so we cannot say who is correct. Ordinarily, appellate courts will presume that the trial court was correct in its judgment and that there was evidence to sustain its findings unless the record shows to the contrary. However, in this case it was incumbent upon the trial court to find that the appellant at the time the order was made had the ability to pay over the money and thereafter refused to do so before the judge could hold the appellant in contempt for failure to pay.[2] This the court did not do. It made no finding as to whether the appellant had the ability to comply with the order or not. The contempt charge cannot be sustained insofar as it is based upon failure to pay the $1,500.00.

If the contempt charge was based upon a failure to "render" an accounting for the $300.00, then the defendant could be held in contempt until he complied with the order of the court, provided, however, that the pleadings would sustain a finding of contempt. The record is quite voluminous, and from our inspection thereof we cannot find any mention of $300.00 prior to the order holding appellant in contempt. Under the holding of this court in Bott v. Bott, 20 Utah 2d 329, 437 P.2d 684 (1968), appellant could not be held in contempt on such a record.

The appellant has had law training but is not a member of the Bar, and his brief does not comply with the rules of this court. In fact, it is rather difficult to know what he contends to be illegal about the order made by the court below. While he did not specifically claim that the order as made was uncertain, nevertheless, we think it is void for uncertainty, and we should take notice of the situation so as to prevent a miscarriage of justice.

The sentence as amended was that the appellant serve five days in jail or alternatively pay a fine in the sum of $200.00. Such a sentence is void for uncertainty under prior holdings of this court. In the case of Rasmussen v. Zundel, 67 Utah 456, 248 P. 135 (1926), the defendant was sentenced to pay a fine of $200 or spend 90 days in the county jail. This court said at page 462 of the Utah Reports; at page 137 of 248 P.:

> * * * [T]he court apparently left it to the defendant or to the sheriff to determine which sentence should be imposed. It is elementary that judgment,

---

2. Brown v. Cook, 123 Utah 505, 514, 260 P.2d 544; Rule 52(a) U.R.C.P.; 17 C.J.S. Contempt § 85(s).

especially in criminal cases, should be definite, and ministerial officers should not be left in doubt as to what sentence is to be imposed. * * *

The Rasmussen case was followed by the case of Emmertson v. State Tax Commission, 93 Utah 219, 72 P.2d 467, 113 A.L.R. 1174 (1937), wherein the court sentenced the defendant to pay a fine of $100 or serve 30 days in the county jail. At page 223 of the Utah Reports, at page 468 of 72 P.2d this court held: "Such a judgment is void for uncertainty, has no validity, and no further valid proceedings can be based upon the judgment as such."

The cases cited above show that the appellant is not relieved of the contempt simply because the sentence is void, and a proper sentence should be imposed if the contempt could be sustained.

In view of our holding that it does not appear that the appellant had the ability to turn the money over, the sentence as now imposed cannot be sustained, and the judgment holding him in contempt is reversed. The case is remanded to the district court for such further proceedings in harmony with this opinion as may be proper.

CROCKETT, C. J., and TUCKETT, J., concur.

CALLISTER, Justice (dissenting).

I am compelled to dissent from the majority opinion. The time sequence of the relevant proceedings in the instant is important.

By an order of September 13, 1967, John Elwood Dennett was ordered forthwith to turn over to the receiver the sum of $1500 which he had heretofore collected as advanced rentals *and to account* to the receiver *for the difference between the amounts actually collected and the $1500 to be tendered to the receiver.*

Implicit within this order is the obvious finding that Dennett had disposed of some of the advanced rentals that he had collected, for which the court ordered an accounting, and that he still exercised dominion over the remaining $1500.

On September 14, 1967, Alvin I. Smith, the receiver, by affidavit, swore that Dennett had failed to pay the $1500 or to contact him in respect to said payment.

On September 14, 1967, the court issued an order to show cause, if any, why Dennett should not be punished for contempt of court in failing to obey the court's order. The order recited that Dennett had been ordered on September 13, 1967, to make payment to Alvin I. Smith, on or before 10:00 a. m., September 14, 1967, that payment had not been made, and that Dennett had failed to comply with the order of the court or *satisfactorily excuse* himself and was thereby in contempt.

On September 20, 1967, the court issued an order which recited that a hearing upon

the show cause order had been held on September 18, 1967, and that it was ordered, adjudged and decreed that Dennett had *wilfully* disobeyed the order of the court in that he had failed to pay the sum of $1500 or any part thereof personally collected as advance rentals and, further, that he had *failed to render an accounting to the receiver, Alvin I. Smith, for the additional sum of $300,* also collected by him, which *willful disobedience* constituted contempt of the prior order of this court.

The majority opinion asserts that it cannot find any mention in the record of the accounting of $300 prior to the order holding appellant in contempt. Appellant admits that he collected advanced rentals in the sum of $1800. In the order of September 13, 1967, appellant was ordered to account for the *difference* between the amounts actually collected and $1500, subsequently, the order specifically identified the difference as $300. There is upon this state of facts a sufficient basis to support the judgment of the trial court.

The majority opinion further states that it was incumbent upon the trial court to find that the appellant at the time the order was made had the ability to pay over the money and thereafter refused before appellant could be found in contempt for failure to pay.

In State v. Bartholomew,[1] appellant appealed from a judgment of contempt on the ground that the evidence showed that defendant's failure to pay was not willful but was due to inability. This court reversed the trial court because its findings merely asserted the defendant was found in contempt of court for not making any payments to the complaining witness, and no finding was made in respect of defendant's ability to pay. This court observed that a person not able to comply with the order of the court as to the payment of money cannot be found guilty of contempt. The failure to comply with the order must be *willful* "and this presupposes an ability to comply with the order or judgment."

The instant action is readily distinguishable from the Bartholomew case as Judge Wilkins specifically found that appellant *willfully disobeyed* the order of the court, and this "willfulness" connotes an ability to pay. Furthermore, inability to perform is a defense, and appellant had the burden of persuading the court.[2] It should be observed that in the order of September 14, 1967, the court stated that appellant had failed to comply with the order *or* satisfactorily excuse himself. In addition, the original order of September 13, 1967, excused the appellant from turning over funds, which he evidently informed the court he no longer possessed, and merely

1. 85 Utah 94, 38 P.2d 753 (1934).

2. Brown v. Cook, 123 Utah 505, 511, 260 P.2d 544 (1953).

ordered him to account for them. There is absolutely no evidence before this court to indicate that appellant sustained his burden of proof that he was unable to pay; and, therefore, the trial court's finding of willfulness must be sustained. Judgment of the trial court should be affirmed with a remand to the trial court for the imposition of a valid sentence.

HENRIOD, J., concurs in the dissenting opinion of CALLISTER, J.