464 P.2d 595

Alvin A. MAWSON, Plaintiff
and Appellant,

v.

J. G. INVESTMENT CO., a corporation,
Defendant and Respondent.

No. 11658.

Supreme Court of Utah.

Jan. 29, 1970.

Carvel R. Shaffer, of Burton, Blonquist, Cahoon, Matheson & Shaffer, Salt Lake City, for appellant.

Lothaire Rich, Salt Lake City, for respondent.

HENRIOD, Justice:

Appeal from a judgment for defendant in an action wherein plaintiff sought removal of a fence erected by defendant on the East boundary of a parcel deeded and used as a roadway. Affirmed, with costs to defendant.

The findings of the trial court, supported by the record, show that plaintiff acquired three lots alongside the roadway, together with ⅕ of the latter, all of which had been deeded to plaintiff's predecessor, then to plaintiff, the ⅕ interest "to be used as a roadway." This roadway abutted a number of lots to the North and South, and obviously the conveyances of fractional interests thereof to abutting lot owners was intended to be used and was used only for ingress and egress to such lots. They were conveyances of roadway rights, not *fee* rights, sort of in the nature of dominant estates to which the fee, including underground rights,—in minerals, for example, —was servient. Plaintiff's right to use the roadway was for such purpose of ingress to and egress from any property which he owned along the roadway. Hence his claim in this action that because he had acquired land to the East and beyond the described roadway, he could use such easement for ingress to and egress from such land to which the road in no way, conveyance-wise or otherwise, was appurtenant, must fail.

438

Plaintiffs' claim that his conveyance of ⅕ of the parcel to be used as a roadway, was a conveyance of the fee, is not supported by the record.

CROCKETT, C. J., and CALLISTER, and TUCKETT, JJ., concur.

ELLETT, Justice (concurring in the result):

I concur in affirming the judgment of the trial court for the simple reason that the appellant has not brought before this court the entire transcript of the testimony presented to the trial court.

While the certificate of the official court reporter states that it is a full, true, and correct copy of all the testimony, counsel informed us that other witnesses were sworn and examined. The only testimony brought before us by the appellant was his own testimony; and since the court is not obligated to believe a party's testimony as against conflicting evidence, we are not able to say that the holding of the trial court was in error. Sullivan v. Turner, 22 Utah 2d 85, 448 P.2d 907 (1968).

An appellate court must assume that the judgment of a trial court is correct and based upon competent evidence unless the contrary is made to appear. Neilson v. Dennett, 22 Utah 2d 166, 450 P.2d 93 (1969). Since it does not appear from the record that the judgment of the trial court was in error, we should affirm it.