Argued March 6, reversed and remanded April 26, petition
for rehearing denied May 16, 1972

CAPPELLI ET AL, *Respondents, v.* JUSTICE ET UX,
*Appellants.*

496 P2d 209

*Harold L. Olsen,* St. Helens, argued the cause for appellants. On the briefs were Bennett, Vagt & Olsen.

*Thomas J. Moore,* Hillsboro, argued the cause for respondents. On the brief were Brink & Moore.

Before O'CONNELL, Chief Justice, and McALLISTER, DENECKE, HOLMAN, TONGUE and BRYSON, Justices.

O'CONNELL, C.J.

This is a suit to quiet title. Defendants counterclaimed requesting that their title be quieted and that plaintiffs Hans and Viola Slette be required to remove certain encroachments from the property in question. Defendants appeal from a decree in favor of plaintiffs.

The property in question is a 30-foot strip of land which runs from the Nehalem Highway to the north-

eastern corner of the plaintiffs Cappelli's land. The following diagram roughly depicts the location of the various parcels:

Plaintiffs, Raymond and Kathryn Cappelli, claim title in fee through a conveyance made to them on April 30, 1964. Defendants claim a fee simple interest under a deed executed by the same grantor on September 30, 1964. Defendants contend that the deed executed to plaintiffs conveyed only an easement in the 30-foot strip, whereas defendants' deed conveyed title in fee. Plaintiffs, Hans and Viola Slette, acquired their property in 1961. It is adjacent to and lies south and west of the property in dispute.

The resolution of the controversy turns on the construction of the April 1964 deed to plaintiffs and the September 1964 deed to defendants. Plaintiffs' deed reads as follows:

"WARRANTY DEED

"CHARLES JUSTICE and IONE JUSTICE, husband and wife, herein referred to as grantors, hereby grant, bargain, sell and convey unto RAYMOND CAPPELLI and KATHRYN CAPPELLI, husband and wife, herein referred to as grantees, the following described real property, with tenements, hereditaments and appurtenances, to-wit:

"*Parcel 1:* All that portion of the East half of the Southwest quarter of Section 8, Township 4 North, Range 4 West of the Willamette Meridian, Columbia County, Oregon, lying southerly of the S.P. & S. Railroad right of way line.

"*Parcel 2:* A right of way 30 feet in width lying Easterly and Northerly of the following described line: [description of line]; the said 30 foot right of way to terminate at the Southeasterly right of way line of the Nehalem Valley Highway on the North and the Northerly line of the S.P. & S. Railroad right of way on the South.

"EXCEPTING THEREFROM reservation of 30 foot right of way as described in deed from

124

Ida M. Harris to Raymond L. Justice and Wilma Mae Justice and the rights of others to use same, recorded March 15, 1941 in Book 68, page 14, Deed Records of Columbia County, Oregon. (affects both tracts)

"ALSO EXCEPTING subject to a permit for the crossing of the S.P. & S. Railroad right of way located between the parcels described in this description.

"TO HAVE AND TO HOLD the said premises unto said Grantees, their heirs and assigns forever. And the said Grantors hereby covenant that they are lawfully seized in fee simple of said premises; that they are free from all incumbrances,

"EXCEPTING THEREFROM reservation of 30 foot right of way as described in deed from Ida M. Harris to Raymond L. Justice and Wilma Mae Justice and the rights of others to use same, recorded March 15, 1941 in Book 68, page 14, Deed Records of Columbia County, Oregon. (affects both tracts)

"ALSO EXCEPTING subject to a permit for the crossing of the S.P. & S. Railroad right of way located between the parcels described in this description.

and that they will warrant and defend the above granted premises against all lawful claims whatsoever, except as above stated."

Defendants' deed contained the following provision:

"*Parcel 1:* All of the East half of the Southwest quarter of Section 8, Township 4 North, Range 4 West of the Willamette Meridian, Columbia County, Oregon, lying Northerly of the S.P. & S. Railroad right of way line, EXCEPT that portion conveyed to Vernonia Planing Mill, an Oregon corporation, by deed recorded June 30, 1925, in Book 39, page 317, Deed Records of Columbia County,

Oregon, and ALSO EXCEPTING that portion that lies within the boundaries of roads and highways.

*"Parcel 2:* The Southeast quarter of the Northwest quarter of Section 8, Township 4 North, Range 4 West, Willamette Meridian, Columbia County, Oregon, EXCEPTING that portion conveyed by Solomon Sheeley to Jonathan Dodge by deed recorded in Book K page 724, Deed Records of Columbia County, Oregon.

"SUBJECT TO: Rights of the public in roads and highways; reservation of 30 foot right of way as described in deed to Raymond L. Justice and Wilma Mae Justice, and the rights of others to use same, recorded March 15, 1941 in Book 68, page 14, Deed Records of Columbia County, Oregon; easement and right of way given to Columbia County, including the terms and provisions thereof, as disclosed by instrument recorded November 13, 1962, in Book 150, page 445, Deed Records of Columbia County, Oregon; and right of way 30 feet in width granted to Raymond Cappelli, et ux., as disclosed by instrument recorded May 19, 1964 in Book 155, page 45, Deed Records of Columbia County, Oregon."

The description of "Parcel 1" and "Parcel 2" in the defendants' deed embraces the 30-foot strip in question.

The trial court held that the description in plaintiffs' deed designated as "Parcel 2" and conveying "A right of way 30 feet in width lying Easterly and Northerly of the following described line [describing it]" operated to convey a fee simple title in the strip. Defendants contend that the description under "Parcel 2" was effective to create an easement only.

■ Plaintiffs marshall a variety of rules relating to the construction of deeds to support their contention.

It is pointed out that the deed to plaintiffs was designated as a "Warranty Deed" and not simply as a "Right of Way Deed," indicating an intention to convey the fee simple title. We do not regard this as having any significance. We are sure that many deeds denominated "Warranty Deed" contain grants of easements described as rights of way.

Plaintiffs rely on ORS 93.120 which provides, in part, that "Any conveyance of real property passes all the estate of the grantor, unless the intent to pass a lesser estate appears by express terms or is necessarily implied in the terms of the grant."

■ The statute is not helpful; it was enacted principally to abolish the ancient rule that the words "and his heirs" were necessary to create a fee simple. The statute was not designed to inhibit inquiry into the grantor's intent where he has used ambiguous language in his deed.

■ Plaintiffs attach significance to the fact that the "right of way" was not described as running "over and across the lands of the grantors." These words are not essential and are not invariably used in creating easements.

■ It is argued that the use of the words "Parcel 2" is indicative of an intent to convey a portion of land and not simply a right to use it. We do not attach this significance to these words. It appears to us that they were intended only to serve as a heading for a description, whether the grantor intended to describe an easement or a fee.

■ These contentions advanced by plaintiffs strike us as highly technical. We would seek the grantor's intention in something more substantial, looking at

factors having relation to the purpose for which land is conveyed and the manner in which language is employed to convey various interests in land, particularly easements of right of way. In both of these respects the evidence in the present case indicates that an easement rather than a fee simple estate was intended to be the subject matter of the conveyance.

The land in question is a narrow strip which, standing alone, has little if any utility except to provide a means of access to the highway for neighboring land. It could, of course, have been conveyed to increase plaintiffs' acreage, but the history of the transactions involving the land now owned by plaintiffs and defendants demonstrates that the strip was conveyed to provide access rather than expand the ownership of the grantee.

Tracing back the title to Ida M. Harris we find a deed from her to Raymond and Wilma Justice in 1941, conveying to them the land now owned by defendants and the Cappellis. In that deed Mrs. Harris reserved "a right of way 30 feet in width * * * to be for the use and benefit of the lands of the grantor in the Northwest Quarter of the Southeast Quarter of Section 8, township 4 North of Range 4 West of the Willamette Meridian" (this being land east of and adjacent to the property later conveyed to the Cappellis). The 30-foot strip described is the same strip later described (although in different words) in the deed to the Cappellis. The Harris deed quite clearly indicates an intent to create an easement across the 30-foot parcel. Raymond and Wilma Justice conveyed to Charles and Ione Justice, who then conveyed a part to the Cappellis and a part to defendants, as we have already explained.

It will be observed that the deed to the Cappellis

conveys a 30-foot "right of way" and in the following paragraph excepts therefrom the 30-foot "right of way" reserved in the Harris deed. As we have previously noted, these two 30-foot strips have the same description. If we were to give the term "right of way" the same construction in both the Cappelli deed and the deed from Harris to Raymond and Wilma Justice, the two paragraphs in the Cappelli deed would make no sense because the second paragraph would purport to except from the deed that which the first paragraph purported to convey.

Plaintiffs' argument must, then, rest upon the assumption that the first paragraph operated to convey an estate and that the second paragraph excepted therefrom the previously created easement.

Defendants' position rests upon the assumption that the first paragraph conveyed only an easement and that the second paragraph simply gave recognition to the previously created easement, making the easement granted to the Cappellis non-exclusive.

We think that the defendants' position is the more reasonable. It would seem uncontradictable that the 30-foot strip was intended to serve only as an easement to give access from the land now owned by the Cappellis to the highway. The subsequent conveyances do not reveal an intent to treat the strip in any other way.

The factor which provides greatest support for this conclusion is the language of the Cappelli deed itself. The deed purports to convey only "A right of way 30 feet in width * * *." In common parlance the term "right of way" signifies an easement. In the absence of special circumstances indicating a contrary mean-

ing, the courts have generally construed the term in accordance with common usage.[①]

Where land is conveyed to a railroad company for use as a right of way, there are cases holding that the deed conveys an estate and not simply an easement. This conclusion is explained on the ground that the broad use of the land by the railroad company contemplated by such conveyances indicates an intent to create more than an easement.[②]

We find nothing in the present case evidencing an intent to use the term "right of way" in any special sense. There is no evidence showing special circumstances which would prompt Charles and Ione Justice to convey to the Cappellis a fee rather than an easement in the narrow strip.

We hold that the deed to the Cappellis created in them an easement and that defendants are entitled to have their title quieted as prayed for in their counterclaim.

---

[①] Highway Commission v. Pacific Shore Land Co., 201 Or 142, 153, 269 P2d 512 (1954); Kesterson v. California-Oregon Power Co., 114 Or 22, 25, 228 P 1092 (1925); Shaw v. Proffitt, 57 Or 192, 109 P 584, 110 P 1092 (1910). See also State ex rel Highway Comm. v. Griffith, 342 Mo 229, 114 SW2d 976 (1938); Jennings v. Amerada Petroleum Corp., 179 Okla 561, 66 P2d 1069 (1937).

[②] See cases collected in 132 ALR at 149 et seq, Deed to railroad—fee or easement, updated in 6 ALR3d at 977. Bernards et ux v. Link and Haynes, 199 Or 579, 248 P2d 341, affirmed on rehearing 263 P2d 794 (1953). Other cases are analyzed in a note by Don H. Sanders, entitled Railroad Right of Way—Nature of the Interest—Easements—Ejectment, 30 Or L Rev 380 (1951). See also a note by Preston Hiefield entitled Easements—Railroad Right of Way—Nature of the Interest—Condition Subsequent, 33 Or L Rev 164 (1954).

These notes suggest that a railroad "right of way" is a special kind of interest in land, not to be classified either as an easement or as an absolute fee. See also Clark, Covenants and Interests Running With the Land, 83-85 (2d ed 1947).

■ Defendants are also entitled to a mandatory injunction requiring the Slettes to remove any encroachments upon defendants' property. Plaintiffs contend that the request for injunctive relief should not be granted because defendants are estopped by their conduct, having failed to object to the construction of the alleged encroachments until after the work was completed. The evidence does not support this defense.

■ It is also urged that the survey relied upon by defendants to fix the boundary between the Slette property and the western border of the 30-foot strip is inaccurate. The survey was made by Mr. Robert Swaney, a registered land surveyor. It was made at the request of the county surveyor at the time when Mr. Swaney was his deputy. Although Mr. Swaney's survey did not comport with one of the calls in the deed for distance, we think the evidence is sufficient to show that the survey was competently made and established a sufficiently adequate description of the land in dispute.

The decree of the trial court is reversed and the cause is remanded for the entry of a decree consistent with this opinion.