Gus CHOURNOS and Veve Chournos, Plaintiffs and Appellants,

v.

Rick D'AGNILLO, et ux., Defendants and Respondents.

No. 17362.

Supreme Court of Utah.

Feb. 9, 1982.

on three grounds: (1) defendants are not fee simple owners of the disputed strip; (2) the evidence does not support the trial court's finding; and (3) the trial court erred in denying plaintiffs' motion for a new trial on the basis of surprise.

The parties own adjacent properties in Riverdale, Utah. Defendants are on the west and plaintiffs on the east, with Riverdale Road on the south. The properties had once been separated by a barbed wire fence, but about 1946 the southerly portion collapsed in disrepair, and no fence marked the boundary line thereafter until defendants constructed a new fence in 1977. Defendants also maintain a barbed wire fence approximately fourteen feet west of the boundary line to enclose their farm equipment and calves in the pasture. The fourteen-foot strip of property between this fence and the east-west boundary of the parties' properties is the subject of this controversy.

Defendants acquired their property in 1939, and since that time have used it continuously for agricultural purposes. In 1946, the property now owned by plaintiffs was purchased by James Stephens, who constructed a blacksmith shop approximately twenty-nine feet east of the boundary line. In 1951, Myrtle Cornish purchased the property, remodeled the building, and leased it to a series of tenants. From 1952 until 1969, four successive tenants operated taverns there. Plaintiffs, the last of these tenants, purchased the property in 1969. They added a kitchen in 1970, and continued to operate as a tavern and restaurant. The extent to which delivery trucks and business patrons used the fourteen-foot strip for ingress and egress prior to defendants' erection of the existing boundary fence in April of 1977 is in dispute.

In September, 1978, plaintiffs commenced this suit for a declaratory judgment to establish a right-of-way by prescription over the fourteen-foot strip of property. After a two-day trial, the district court decreed that plaintiffs have no rights in the subject property by prescription or otherwise and

Pete N. Vlahos, Ogden, for plaintiffs and appellants.

Paul T. Kunz of Kunz, Kunz, & Hadley, Ogden, for defendants and respondents.

OAKS, Justice:

In the district court, plaintiffs failed to establish a right-of-way by prescription over a strip of defendants' property. On appeal, plaintiffs challenge the judgment

that defendants own the strip in fee simple subject only to the claims of any persons owning a deeded right therein that has not been totally abandoned. We affirm.

First, plaintiffs contend that defendants have never been granted title to the disputed fourteen-foot strip, and thus cannot object to plaintiffs' use of the property or obtain the relief the district court has given them. This argument relies on the following language, which appears in a warranty deed executed in 1939 by one Becker to Guiseppe D'Agnillo and his wife, defendants' predecessors in title: "Excepting a right of way 14 feet wide, the center line of which is described as follows: [metes and bounds description]." Each of the subsequent deeds in defendants' chain of title contains a similar provision.

█ The paramount rule of construction of deeds is to give effect to the intent of the parties, *Creason v. Peterson*, 24 Utah 2d 305, 470 P.2d 403 (1970), as expressed in the deed as a whole. Whether used in a grant or in a reservation or exception, the words "right of way" are generally held to denote an easement or servitude rather than an interest in fee simple. *Andersen v. Edwards*, Alaska, 625 P.2d 282 (1981); *Pearson v. Chambers*, 18 N.C.App. 403, 197 S.E.2d 42, 89 A.L.R.3d 762 (1973) (including annotation); *Cappelli v. Justice*, 262 Or. 120, 496 P.2d 209 (1972); *Minneapolis Athletic Club v. Cohler*, 287 Minn. 254, 177 N.W.2d 786 (1970); *Sohio Petroleum Co. v. Hebert*, La.App., 146 So.2d 530 (1962); *Hogan v. Blakney*, 73 Idaho 274, 251 P.2d 209 (1952); *Elliott v. McCombs*, 17 Cal.2d 23, 109 P.2d 329 (1941); 77 *C.J.S. Right* p. 392 (1952). While we have been cited to no Utah decisions precisely in point on this question, decisions construing the terms "right of way" or "roadway" as qualifying the content of a grant or reservation, *Mawson v. J. G. Investment Co.*, 23 Utah 2d 437, 464 P.2d 595 (1970); *Wood v. Ashby*, 122 Utah 580, 253 P.2d 351 (1952), at least arguably align this jurisdiction with the cited authorities. We now expressly follow them.

█ Admittedly, the "right of way" in this deed was part of an "excepting" clause (quoted above), which, plaintiffs argue, establishes that the grantor withheld the fee simple, rather than merely an easement. That argument was answered in *Hartman v. Potter*, Utah, 596 P.2d 653, 656–57 (1979):

A technical distinction exists between a "reservation" and an "exception." A reservation reserves to the grantor some *new thing issuing out of the thing granted* and not in esse before, and an exception *excludes* from the operation of the grant some *existing portion of the estate granted* which would otherwise pass under the general description of the deed. However, since the terms are often used interchangeably, the distinction has been disregarded to a great extent where the intention of the parties can be arrived at and a reservation may be construed as an exception when necessary to carry out the obvious intent of the parties.

*Accord*, 6 *Thompson on Real Property* § 3090, pp. 771, 777–78 (1962). For these same reasons, an exception may be construed as a reservation when necessary to effectuate the obvious intent of the parties.

█ Where the subject of the "exception" is specifically designated a "right of way," the parties would seem to have expressed their intent to have the grantor reserve only an easement, unless the instrument, considered as a whole, clearly indicates that the reservation of a fee interest was intended. The exception was held to reserve only an easement in *Cappelli v. Justice, supra*; *Sohio Petroleum Co. v. Hebert, supra*; and *Elliott v. McCombs, supra*, and we follow those decisions. Defendants' predecessors in title therefore received a fee simple title to the contested fourteen-foot strip, and plaintiffs' first argument is without merit.

█ The district court found that plaintiffs had not established an easement by prescription. In equity cases, we reverse only when the evidence clearly preponderates against the findings of the trial court. Applying that standard to the settled principle that an easement by prescription only

arises when the dominant estate owner's use of a passage across the servient estate has been open, notorious, adverse, and continuous for a period of twenty years, *Jensen v. Brown*, Utah, 639 P.2d 150, 1981, we find no ba·is in the record to reverse the district court's finding. The evidence was conflicting, but both in terms of the number of witnesses and the strength of their testimony, we cannot say that the evidence clearly preponderated to establish all the elements of the easement.

 Finally, plaintiffs contend that the trial court erred in denying their motion for a new trial under Utah R.Civ.P. 59(a)(3) on the basis that they had been surprised at trial by the testimony of four of defendants' witnesses. Those witnesses testified that some telephone poles lying along the southerly ninety feet of the boundary had obstructed vehicular traffic from plaintiffs' property across the disputed strip for a period of about two years in 1961 and 1962. The trial court used that evidence as the basis for its finding that "even if there had been open and notorious use of the 14 foot right-of-way area in question, such use was interrupted in 1961 and 1962 ...." Although plaintiffs later alleged that the telephone poles had never been mentioned as an issue in pretrial discovery, they made no objection to this testimony during the two days of trial in which these four witnesses testified on direct and cross-examination about the existence and location of the utility poles. At the conclusion of defendants' case, plaintiffs' counsel announced that he had no rebuttal, and prior to closing argument counsel again advised the court that he had no further evidence to present. Then, after the court had issued its memorandum decision, findings, conclusions, and judgment, plaintiffs sought a new trial to allow them to submit the testimony of a witness who obviously had important testimony to offer: the person who was supposed to have put the telephone poles in place, and who, it was alleged, had been unable to testify at the time of trial because he was confined to his home for reasons of health.

The question of whether to grant a motion for a new trial is within the discretion of the trial court, whose ruling will not be disturbed on appeal unless the facts show a clear abuse of discretion. *Amoss v. Bennion*, 30 Utah 2d 312, 517 P.2d 1008 (1973). These facts fall short of such a showing. Failure to interpose a timely objection to testimony challenged on the ground of surprise would itself be a sufficient reason to deny a motion for a new trial on that ground. Furthermore, on these facts the trial court would have been justified in denying the motion solely on the basis that counsel had waived any objection to the alleged surprise by thereafter advising the court that he had no further evidence to offer. Rule 59(a)(3) was not intended to give attorneys the option of waiting until after the case has been decided adversely by the court before they pursue deficiencies in their proof by offering additional evidence to counteract alleged surprises encountered during trial.

Finally, as is evident from the court's finding, quoted above, the ground at issue in this ruling was an alternative ground for the court's decision. In view of our affirmance of the court's finding that there was no open and notorious use of the strip in question, any error on the question of continuous use was harmless in any case. Utah R.Civ.P. 61; *Lee v. Mitchell Funeral Home Ambulance Service*, Utah, 606 P.2d 259 (1980).

The judgment of the trial court is affirmed. Costs to respondents.

HALL, C. J., STEWART and HOWE, JJ., and VeNOY CHRISTOFFERSEN, District Judge, concur.