**James V. FORD, Jr., Plaintiff,**

v.

**CSX TRANSPORTATION, INC., Defendant.**

**No. 5:94–CV–482–BO2.**

United States District Court, E.D. North Carolina, Raleigh Division.

Jan. 9, 1995.

Order on Reconsideration Feb. 21, 1995.

Diana Ricketts, Bode, Call and Green, Raleigh, NC for plaintiff.

John C. Millberg, Millberg and Gordon, Raleigh, NC for defendant.

## ORDER COMPELLING PRODUCTION

DENSON, United States Magistrate Judge.

THIS CAUSE comes before the court on Plaintiff's motion to compel the defendant to respond to inquiries concerning the existence of surveillance of the plaintiff. The defendant has filed a response in opposition to the motion and this motion is now ripe for ruling.

The defendant asserts that surveillance materials are not discoverable because they will be used solely for impeachment and they are protected by work product immunity. F.R.Civ.P. 26(b)(1) allows discovery of "any matter, not privileged, which is relevant to the subject matter involved in the pending action." "Obviously files which would tend to show a plaintiff's physical condition, how he moves, and the restrictions which are his, are highly relevant—perhaps they will establish the most important facts in the entire case." *Snead v. American Export–Isbrandtsen Lines, Inc.,* 59 F.R.D. 148, 150 (E.D.Pa.1973). Therefore, the surveillance materials can be discovered if they are not privileged.

The work product doctrine, found in Rule 26(b)(3), F.R.Civ.P. was adopted to codify the rule formulated in *Hickman v. Taylor,* 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947) that attorney work product would be accorded a limited immunity from discovery. *Joyner v. Continental Insurance Companies,* 101 F.R.D. 414, 415 (S.D.Ga.1983). The burden is on the party asserting it to establish three things (1) that the material sought to be withheld from disclosure consists of documents or tangible things, (2) prepared in anticipation of litigation or for trial, (3) by or

for another party or by or for that party's representative. *City Consumer Services, Inc. v. Horne,* 100 F.R.D. 740, 747 (D.Utah 1983).

Immunity from discovery afforded work product under Rule 26(b)(3) can be separated into two types "one of which is 'absolutely' immune from discovery and the other only qualifiedly immune". *National Union Fire Ins. v. Murray Sheet Metal,* 967 F.2d 980, 983 (4th Cir.1992). The "mental impressions, conclusions, opinions [and] legal theories ... concerning the litigation" are absolutely protected from discovery while discovery of other forms of work product is permitted upon a showing of substantial need. *Id.*

The issue of whether surveillance materials are protected by work product immunity has not been resolved by the Fourth Circuit. Several district courts have, however, previously dealt with this issue. This defendant raised the issue in *Boyle v. CSX Transportation, Inc.,* 142 F.R.D. 435 (S.D.W.Va.1992) and that Court held that the work product doctrine does not preclude discovery of surveillance information. Perhaps the seminal case on this issue is *Snead* which also held that discovery of surveillance materials should be allowed. 59 F.R.D. at 150.

Surveillance materials are clearly within the definition of work product since they are tangible and were prepared in anticipation of litigation by or for a party to the litigation. The surveillance materials are, however, entitled to only a qualified immunity since no mental impressions, conclusions, or legal theories of the attorney are implicated. The qualified immunity can be overcome by a showing of substantial need.

> The only time there will be a substantial need to know about surveillance pictures will be in those instances where there would be a major discrepancy between the testimony the plaintiff will give and that which the films would seem to portray. By the same token this would be the only instance where there is a substantial need to withhold that information from plaintiff's counsel. If the discrepancy would be the result the plaintiff's untruthfulness, the substantial need for his counsel to know of the variance can hardly justify making the information available to him. On the other hand, if the discrepancy would result from misleading photography, the necessary background information should be made available to the plaintiff's attorney so the fraud can be exposed. It goes without saying that the means to impeach should not be the exclusive property of the defense. Any rule formulated, therefore, must balance the conflicting interests of the plaintiff against the conflicting interests of the defendant and protect both insofar as it is possible to do so.... [T]hese purposes can best be achieved by requiring the defense to disclose the existence of surveillance films or be barred from showing them at trial.

*Wegner v. Viessman, Inc.,* 153 F.R.D. 154, 156 (N.D.Ia.1994). The undersigned finds this reasoning to be convincing. Deposing the plaintiff prior to disclosure of the surveillance materials would insure the impeachment value of the surveillance. The court notes that plaintiff was deposed on November 18, 1994. Inconsistencies between that deposition and the surveillance materials can be used to impeach the plaintiff at trial.

Accordingly, the Plaintiff's Motion to Compel is HEREBY ALLOWED. Defendant must produce the surveillance materials by January 31, 1995.

## ORDER ON RECONSIDERATION

### February 21, 1995

THIS CAUSE is now before the court on the defendant's Motion to Reconsider and Notice of Appeal of the undersigned's Order Compelling Production filed January 9, 1995 requiring defendant to respond to discovery concerning surveillance of the plaintiff. The motion is two-pronged in that the Motion to Reconsider is before the undersigned *de novo* whereas the Appeal would be before the District Judge on a clear error, or contrary to law standard. 28 U.S.C. § 636(b)(1)(A).

At the outset, there are two preliminary motions. The first, Defendant's Motion for Leave to File Reply to Plaintiff's Memorandum, IS ALLOWED. The Reply has been fully considered in this ruling. The second,

Motion for Oral Argument, IS DENIED. The issues are clear and each side has been given full opportunity to present every argument and cite every authority in support of their position. Moreover, the court has done extensive research of its own and is satisfied that all arguments and authorities have been presented and considered. Therefore, oral argument cannot aid the decisional process.

This motion presents to the court the issue of whether surveillance materials—intended for use at trial, if at all, only as impeachment—are discoverable. The issue has not been decided by the Fourth Circuit or the Supreme Court and other authority is split.

This action is brought pursuant to the Federal Employer's Liability Act, 45 U.S.C. § 51, *et seq.*, alleging that plaintiff was injured on July 27, 1993 during his employment by the defendant. Apparently at some point defendant engaged in surveillance of the plaintiff, perhaps surreptitiously filming him.[1] Defendant objected to discovery seeking surveillance materials, contending them to be not discoverable. Plaintiff moved to compel, which motion was granted in the January 9 Order. Defendant now moves for reconsideration of the ruling or, in the alternative, appeals it.

Defendant argues that: 1) Rule 26(a)(3) exempts from discovery materials to be used solely for impeachment, which it pledges would be the sole use of the materials at issue; and 2) the materials should be protected from discovery by the attorney's work product rule, Rule 26(b)(3). Defendant contends that if plaintiff testifies truthfully about his injuries, any surveillance film showing his activities would merely be corroborative and, since they would not be impeaching, would not be used. Thus, nondisclosure merely serves to encourage plaintiff to testify truthfully.

First, defendant is not correct in its contention that Rule 26(a)(3) exempts impeachment materials from discovery. Rule 26(a) is concerned with automatic disclosure of materials, not the scope of discovery. Under Rule 26(a) certain materials must be disclosed "without waiting a discovery request". The *scope* of discovery is described in Rule 26(b), which provides: "Parties may obtain discovery regarding *any matter, not privileged* which is relevant to the subject matter involved in the pending action ..." (emphasis added). While the disclosure rule (a)(3), exempts impeachment materials, the discovery rule (b) does not. The undersigned agrees that early disclosure of surveillance materials should not be compelled.[2]

Next, the undersigned is satisfied on reconsideration that the January 9 Order properly analyzed the work product doctrine of Rule 26(b)(3) concluding that the materials were entitled to a qualified immunity and that plaintiff had overcome it by showing a substantial need for the materials, under the logic of *Wegner v. Viessman, Inc.*, 153 F.R.D. 154, 156 (N.D.Ia.1994).

Defendant's argument against discovery of surveillance materials has the appeal that they would be used only if plaintiff lies or misleads in his testimony about the extent of his injuries, in which case he should bear the consequences of his perjury or misrepresentation. This assumes that only a plaintiff might attempt to mislead the court. However, the court's neutrality precludes any such biased assumption. From the bench's point of view, the defendant is just as likely to resort to chicanery as the plaintiff. Just as a plaintiff can lie or exaggerate, so can a defense surveillance film be distorted through

---

1. In its Response in Opposition to Plaintiff's Motion to Compel, defendant stated, on p. 5, "Defendant hereby stipulates that if it offers surveillance evidence in this case it will be offered solely for impeachment purposes." Defendant's reply memorandum states: "Defendant can represent to the court and to opposing counsel that in this particular case defendant, at this time, has no surveillance materials which it intends to offer at trial." Apparently the defendant is seeking a ruling that will give it guidance in future cases in this district. Such could only be obtained from the Fourth Circuit, because a ruling by one District Judge would not be binding on another. Moreover, the equities of one fact situation might be different from those of another, such that the same judge might make a different ruling.

2. In any event, this court has now opted out of the automatic disclosure provisions of Rule 26. L.R. 23.07.

photography or editing. Plaintiff hypothesizes that a film showing a plaintiff carrying a heavy load might be stopped so as not to show him grabbing his back in agony from the strain. The undersigned recalls a case in which a surveillance film showed an injured plaintiff to be engaged in activity (yard work) inconsistent with his claims of resulting disability. By learning of the film in advance of trial, however, he was able to produce records showing that following the activity he was forced to get medical treatment and was admonished by a physician not to do such work. Also, as *Wegner* points out, discovery of the materials would permit them to be studied before their use at trial to ensure that the photography was not misleading in any way.

The January 9 Order balanced the needs of both parties by required the production of the materials pursuant to discovery, but only after defendant had an opportunity to depose plaintiff, by video-deposition, if it so chose. Such a deposition could require a demonstration of strength or range of motion in advance of the plaintiff learning what materials were available to defendant. If plaintiff testified at his deposition inconsistently with the surveillance film, that inconsistency would be preserved and could be used at trial.

This same issue has been considered at least twice before in this district, once by the undersigned, *Blount v. Wake Electric Membership Corporation, et al.*, 162 F.R.D. 102, (Sept. 24, 1993), and once by Magistrate Judge Charles K. McCotter, Jr. involving this same defendant, *Smith v. CSX Transportation, Inc.*, No. 93–373–CIV–5–F, 1994 WL 762208, (May 18, 1994). Both of those rulings were that surveillance materials were discoverable after an opportunity to depose the subject of the surveillance.

In the absence of any ruling by the Fourth Circuit, and considering the split of other authority on the subject, the undersigned again concludes that allowing discovery of surveillance materials after the deposition of the plaintiff, but before trial, best meets the ends of justice and the spirit of the discovery rules to avoid surprise at trial. Accordingly, on reconsideration, the January 9 Order stands.

The Clerk should note that defendant has, in the alternative, appealed the January 9 Order and should forward this matter to the District Judge for disposition of the appeal.

SO ORDERED.