**Jo Anne M. MARTINO, Plaintiff(s),**

v.

**Bruce C. BAKER, Elaine Lenore Baker, and John K. Falks, Defendant(s).**

**No. CIV.A.97–WY–2634–AJ.**

United States District Court, D. Colorado.

June 1, 1998.

---

Joseph J. Branney, Branney, Hillyard & Barnhart, LLP, Englewood, CO, for plaintiff.

Michael R. McCurdy, Hall & Evans, Denver, CO, for defendants.

ORDER Re: Motion to Compel Surveillance Tapes

COAN, United States Magistrate Judge.

In this personal injury action, jurisdiction is premised on diversity. On April 23, 1998,

plaintiff asked defendant to produce any surveillance tapes of plaintiff. Because defendant refused to produce the tapes, plaintiff verbally moved to compel their production on the same date. Counsel were asked to and did fully brief the issue as of May 26, 1998. Oral argument was May 26, 1998 and a bench ruling issued. Upon review of the pleadings, and consideration of the arguments of counsel, the court finds as follows.

Plaintiff has proceeded on a negligence theory for damages arising out of a motor vehicle collision on March 5, 1996. At hearing on the motion to compel, defendant acknowledged that surveillance tapes of the plaintiff were completed prior to the filing of the lawsuit and after litigation had commenced, for the purpose of defending against plaintiff's claims. Plaintiff's deposition has begun, but plaintiff has refused further deposition pending resolution of her motion to compel.

Plaintiff contends that, in a diversity case, the substantive law of the forum state should be applied and that the tapes are substantive because they are necessary for proof of her damages claim. Plaintiff argues that the tapes are discoverable without limitation under *Crist v. Goody,* 31 Colo.App. 496, 507 P.2d 478 (1972) and *Lascano v. Vowell,* 940 P.2d 977 (Colo.App.1996). Allowing for the discovery of surveillance materials, *Crist* held that surveillance tapes are "primarily substantive evidence and not totally or even basically impeachment evidence." *Crist,* 31 Colo.App. 496, 507 P.2d at 480.

Defendant responds that Colorado law should not be applied because discovery of the surveillance materials is procedural and concerns attorney work product under Rule 26(b)(3), Fed.R.Civ.P. Defendant maintains that under *Fisher v. National R.R. Passenger Corp.,* 152 F.R.D. 145 (S.D.Ind.1993), only those portions of surveillance tapes which will be used by defendant at trial are discoverable, and then only after the plaintiff's deposition has been completed.

Under the amendments to the Federal Rules of Civil Procedure, broad discovery is permitted in an effort to avoid "trial by ambush ." The Tenth Circuit has not addressed the issue of the discoverability of surveillance tapes in a civil case. Those federal and state courts that have considered the question have held in almost all cases that evidentiary videotapes are to be provided to the opposing party prior to trial. *Fisher,* 152 F.R.D. at 150 (internal citations omitted); *Crist,* 507 P.2d at 480. The majority of federal and state courts have also held that non evidentiary tapes are discoverable prior to trial. *Id.* (Internal citations omitted).

Assuming, for purposes of this order, that the tapes are both substantive evidence and may be used for impeachment under either Colorado substantive or federal procedural law, the court must consider their discoverability after consideration of the work product doctrine raised by defendant. Those Colorado courts which have considered the issue of pretrial disclosure of surveillance tapes have not considered it in the context of the attorney work product doctrine under Rule 26(a)(3), Fed.R.Civ.P.

The applicable federal rule states

Subject to the provisions of Subdivision (b)(4) of this rule, a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative . . . only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means.

Rule 26(a)(3), Fed.R.Civ.P.

The corresponding Colorado Rule of Civil Procedure states

(6) Claims of Privilege or Protection of Trial Preparation Materials. When a party withholds information required to be disclosed by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable

other parties to assess the applicability of the privilege or protection.

Rule 26(a)(6), Colo. R. Civ. P. (1997).

The Colorado Rule further provides

(b) Discovery Scope and Limits. Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows...

(3) Trial Preparation: Materials. Subject to the provisions of subsection (b)(4) of this Rule, a party may obtain discovery of documents and tangible things otherwise discoverable under subsection (b)(1) of this Rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the party's attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the case and is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

Rule 26(b)(3), Colo. R. Civ. P. (1997).

There is no dispute that the tapes were prepared in anticipation of litigation and no dispute that plaintiff is unable to obtain the substantial equivalent of the tapes elsewhere. The surveillance tapes are work product as they are tangible and prepared in anticipation of litigation. Since the tapes do not contain the mental impressions, legal theories or conclusions of counsel, defendant may only claim a qualified privilege, which can be overcome by plaintiff's showing of substantial need. The issue is whether plaintiff can demonstrate a "substantial need" for the tapes under both Colorado and Federal Rules 26(b)(3).

Plaintiff asserts she needs the materials to determine whether they contain substantive evidence useful for proving her case. She also seeks them to protect against their improper use by defendant and she wishes to question the person who made the tapes and otherwise assess the quality of the tapes. In *Ford v. CSX Transportation*, 162 F.R.D. 108 (D.N.Carolina 1995), the court found that

The only time there will be a substantial need to know about surveillance pictures will be in those instances where there would be a major discrepancy between the testimony the plaintiff will give and that which the films would seem to portray. By the same token, this would be the only instance where there is a substantial need to withhold that information from plaintiff's counsel. If the discrepancy would be the plaintiff's untruthfulness, the substantial need for his counsel to know of the variance can hardly justify making the information available to him. On the other hand, if the discrepancy would result from misleading photography, the necessary background information should be made available to the plaintiff's attorney so the fraud can be exposed. It goes without saying that the means to impeach should not be the exclusive property of the defense. Any rule formulated, therefore, must balance the conflicting interests of the plaintiff against the conflicting interests of the defendant and protect both insofar as it is possible to do so.. [T]hese purposes can best be achieved by requiring the defense to disclose the existence of surveillance films or be barred from showing them at trial.

*Ford*, 162 F.R.D. at 110 (citing *Wegner v. Viessman, Inc.*, 153 F.R.D. 154, 156 (N.D.Iowa 1994).

The reasoning of *Wegner* is persuasive and will be adopted here. To preserve the defendant's right to use the tapes as impeachment evidence, however, plaintiff's deposition is to be completed before the tapes are produced. *Ford*, 162 F.R.D. at 110. Accordingly,

Plaintiff's Motion to Compel [filed April 23, 1998] is granted in part and denied in part. Defendant is to produce the surveillance tapes within ten days after plaintiff's deposition is completed.

It is further ORDERED that counsel are reminded that, in accordance with the Scheduling Order entered in this case, no replies to discovery motions are permitted. Counsel

are further reminded, that, in accordance with Local Rule 77.7, ex parte communications with the court are not permitted, including copies of letters to opposing counsel concerning discovery.